450 A.2d 1374

**COMMONWEALTH of Pennsylvania**

v.

**Richard T. McCAIGUE, Appellant.**

Superior Court of Pennsylvania.

Argued March 9, 1981.

Filed Sept. 24, 1982.

---

D. Bruce Cahilly, Coudersport, for appellant.

Thur W. Young, District Attorney, Coudersport, for Commonwealth, appellee.

Before HESTER, DISALLE and MONTGOMERY, JJ.

HESTER, Judge:

We refer to our Opinion in the companion appeal, *Commonwealth v. Richard T. McCaigue*, —— Pa.Super. ——, 451 A.2d 8, Opinion filed on September 24, 1982. The instant appeal concerns the Order of the Court of Common Pleas of Potter County, dated July 3, 1980, whereby the Honorable Harold B. Fink, President Judge, concluded "... that an impartial jury could not be impaneled from the eligible and available residence of Potter County, and ... that the case shall be tried within the jurisdiction of Potter, but by a venire of persons resident in another county; ..."

Appellant, Richard T. McCaigue, raises numerous issues relating to the statutory authority and jurisdiction of the lower court to retain venue in Potter County, by impaneling a jury comprised of residents of another county. Appellant also challenges the constitutionality of this Order; and, since the Commonwealth moved for the change of venue, appellant contends that the lower court committed error and abused its discretion by issuing the Order of July 3, 1980 on the basis of insufficient evidence.

Appellant makes a compelling argument concerning the lack of statutory authority of the lower court to grant a change of venue, since the Act of 1875, March 18, P.L. 30, Section 1 et seq., 19 P.S. Section 551 et seq., has been repealed by Section 2(a) [656] of the Act of April 28, 1978, P.L. 202, No. 53 [JARA] effective June 27, 1980.[1]

Following the repeal of the Act of 1875 by JARA, the jurisdiction of the lower court to change venue in a criminal matter is generally governed by the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, effective June 27, 1978, 42 Pa.C.S.A. Section 5106, which states:

The power to change the venue in Civil and Criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided or prescribed by law.

The problem with this statutory authorization is that it merely parrots the language of the Pennsylvania Constitution, Article 3, Section 23, thereby perhaps creating the need for further specific statutory authorization. See *Pennsylvania Power & Light v. Gulf Oil Corp.*, 270 Pa.Super. 514, 527 n.16, 411 A.2d 1203, 1210, n.16 (1979).

■ It has been repeatedly held that Article 3, Section 23 of the Pennsylvania Constitution does not take away the Supreme Court's inherent power to grant a change of venue. However, a lower court has no power to grant a change of venue, without specific statutory authorization. *Commonwealth v. Sacarakis*, 196 Pa.Super. 455, 464, 175 A.2d 127, 131 (1961).

1. We note that the repealed Act, as amended, 1938, Sp.Sess., December 1, P.L. 109, No. 43, § 1, 19 P.S. § 555, authorized an application for a change of venue in a criminal prosecution by "... the defendant or defendants only, and not on application of the Commonwealth or the prosecutor." Prior to its amendment on June 29, 1977, 471 Pa. XLIV, former Pennsylvania Rule of Criminal Procedure 313(a) provided that an application for a change of venue "... may be made on behalf of the defendant or the Commonwealth, ..." Present Rule of Criminal Procedure 312 does not so provide, although Pennsylvania Rule of Appellate Procedure 501 states:

"Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom."

Although we do not find any specific statutory authorization granting a lower court the power to order a change of venue, especially on a motion of the Commonwealth, the Judicial Code, 42 Pa.C.S.A. Section 8702 does specifically authorize "... upon motion and following a hearing, ... as an alternative to issuing an order for a change of venue the court may direct that jurors be impaneled from another county. The order for empanelment of a jury from another county shall be certified forthwith to the Supreme Court which shall designate and notify the county of impanelment." [2]

2. This appeal was originally docketed in the Supreme Court, pursuant to 42 Pa.C.S.A. Section 8702. However, the Supreme Court transferred the appeal to the Superior Court. Following oral argument before the Superior Court, the panel attempted to recertify the appeal to the Supreme Court. In turn, the Supreme Court remanded for our disposition. We note all of this as a result of our continuing doubt concerning the jurisdiction of the Superior Court to entertain this appeal. First, as discussed *ante,* as there is presently no specific statutory authority granting a lower court the power to order a change of venue, then only the Supreme Court would have the "inherent power" to order a change of venue. However, Pennsylvania Rule of Criminal Procedure 312(a) does provide:

"All motions for change of venue or for change of venire shall be made to the court in which the case is currently pending. Venue or venire may be changed by that court when it is determined after hearing that a fair and impartial trial cannot otherwise be had in the county where the case is currently pending."

The constitutional question thus becomes whether Pennsylvania Rule of Criminal Procedure 312 satisfies the need for further specific statutory authorization. Presumably, the Supreme Court is authorized by the Judicial Code, 42 Pa.C.S.A. Section 1722(a)(1) to prescribe the practice and procedure relating to a change of venue or venire in a criminal matter.

Additionally, although Pennsylvania Rule of Appellate Procedure 311(a)(3) authorizes an appeal "... as of right from: ... An order changing venue in a criminal proceeding", there is no specific statute or rule which authorizes an interlocutory appeal, as of right, from an order changing *venire* in a criminal proceeding. 42 Pa.C.S.A. Section 8702, which authorizes a change of venire, specifically requires such an order to "... be certified forthwith to the Supreme Court...." See also Pa.Rule of Criminal Procedure 312(b). In spite of our doubts concerning the jurisdiction of this Court, which we have raised *sua sponte,* in the interest of judicial economy and efficiency,

■ Although the appellant has posed some interesting arguments against the constitutionality of, and lack of statutory authorization for, the lower court's order, we decide that the lower court's order must be vacated due to the fact that it abused its discretion in ordering the impanelment of a jury from another county, upon motion of the Commonwealth, on the basis of the evidence presented. "... [T]he prosecution's request for a change of venue should be much more strictly scrutinized than one by the accused; before the court is moved to act, there should be the most imperative grounds." *Commonwealth v. Reilly,* 324 Pa. 558, 571, 188 A. 574, 580 (1936); *Commonwealth v. Gelatt,* 481 Pa. 559, 393 A.2d 303, 304 (1978).

Although the evidence presented to the trial court does establish that some of the citizens of Potter County may not be able to serve as impartial jurors in this matter, our review of the record reveals that the Commonwealth has not established the "most imperative grounds" required to overcome the constitutional right to "... a speedy public trial by an impartial jury of the vicinage...." Pa. Constitution, Article 1, Sections 6 and 9. *Gelatt, Ibid.*

Order reversed.

DISALLE, J., did not participate in the consideration or decision of this case.

we have addressed the substantive issues stated in this appeal, so as to avoid any further remand to this Court.